UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH JAMES KENDRICK,

    Applicant,

v.                                                            CASE NO. 8:23-cv-1436-SDM-AEP

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER**

Kendrick files papers captioned "Motion for Declaratory Judgment" and "Petition to Remove State Case to Federal Court." (Docs. 1 and 2) The underlying basis for his papers is (1) his 1995 conviction for attempted sexual battery with a weapon and kidnapping, for which he is imprisoned for life, and (2) a state court order barring his filing further papers *pro se* in the state case. Kendrick believes that under 28 U.S.C. § 1443(1) he can remove the criminal case to federal court. His belief is erroneous for several reasons.

First, regarding his contention that the order barring his filing papers *pro se* was entered in violation of his rights to due process, Kendrick's remedy resides in the state courts as shown by the state cases he cites. (Doc. 2 at 5)

Second, Kendrick recognizes that *Younger v. Harris*, 401 U.S. 37 (1971), cautions against a federal court interfering with a state case. To the extent that

Kendrick attempts to appeal to this federal court the state court's order barring his further filings in the state criminal case, a federal district court has no supervisory or appellate jurisdiction over a state court. *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998).

Third, and most importantly, Kendrick must proceed in federal court under Section 2254 to challenge his state court criminal judgment, and Section 2244(b)(3)(A) bars Kendrick's filing another action under Section 2254 without permission from the Eleventh Circuit Court of Appeals because he unsuccessfully challenged the same judgment in an earlier action under Section 2254 (Doc. 63 in 8:20-cv-397-MSS-AAS), which was dismissed as time-barred. *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014), explains:

> [A] second petition is successive if the first was denied or dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir.1999) (discussing § 2254), and a dismissal for untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

As a consequence, this court lacks jurisdiction to review another challenge to the state court judgment unless the circuit court grants Kendrick permission to file a second or successive application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *Accord Hubbard v.*

*Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (finding that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A)); *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017)* ("In order to file a second or successive habeas corpus petition, a state prisoner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition].' 28 U.S.C. § 2244(b)(3)(A). Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it.") (brackets original).

Kendrick's papers captioned "Motion for Declaratory Judgment" and "Petition to Remove State Case to Federal Court" (Docs. 1 and 2), construed as an application for the writ of habeas corpus, are **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on July 21, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.